WILLIAM EDGAR v. SAMUEL CLEVENGER and others.

A general creditor having filed his bill for relief against a judgment confessed by his debtor, as fraudulent, was permitted, after a decree pro confesso against the defendants, and an exparte hearing upon the evidence, to file a supplemental bill, in order to incorporate in the record the facts, that after the commencement of his suit in this court, the complainant obtained a judgment and sued out execution at law.*

A *judgment* and *execution* creditor may question in this court the validity of an antecedent judgment at law.

The declaration of a judgment creditor, that his judgment is confessed to keep another creditor, who is seeking to obtain judgment, out of his money, and that if such creditor had not sued, the judgment would not have been confessed, coupled with proof that the judgment creditor is a man of no property, is insufficient to overcome direct proof of the consideration of the judgment.

An injunction will issue at the instance of an execution creditor to restrain the debtor in execution, and a prior execution creditor, from selling or removing any of the personal property levied on, unless by sale under the execution, until the second execution is satisfied.

BILL for injunction and relief, filed August 1st, 1834. The bill states, that Joseph Wilkinson and William Wilkinson, on the 24th of January, A. D. 1823, executed a mortgage upon

* NOTE. A creditor at large, or before judgment, is not entitled to the interference of this court by injunction, to prevent his debtor from disposing of his property in fraud of the creditor. *Wiggins* v. *Armstrong*, 2 *J. C. R.* 144; *Hendricks* v. *Robinson*, *Ibid*, 296; *Mitford's Pl.* 115; *Cooper's Eq. Pl.* 149;

certain lands in the township of Woodbridge, to secure the payment of two thousand seven hundred dollars due from them to the complainant upon bond. Some time in January, 1824, before the mortgage debt became due, Samuel Clevenger, one of the defendants, purchased the equity of redemption in said mortgaged premises, and greatly impaired the complainant's security by cutting and consuming the wood and timber upon the premises, and using the soil in the manufacture of bricks. He also assumed the payment of the mortgage debt, and after the purchase of the equity of redemption, became indebted to the complainant in the further sum of eight hundred dollars, upon his personal responsibility, without other security. At June term, 1834, the defendant, Alexander Adams, recovered judgment in the Middlesex pleas against Clevenger, for three hundred dollars, upon which execution was issued. At the same term of June, the complainant commenced suit against Clevenger, for the monies due from him to the complainant. On the 15th of September, 1834, Clevenger confessed judgment to one Israel Wilkinson, his brother-in-law, for four hundred and seventy-four dollars and eighty-six cents, upon which execution issued to the sheriff of Middlesex ; by virtue whereof, the sheriff advertised Clevenger's personal property for sale on the 1st day of October, 1834. The bill charges, that Wilkinson's said judgment was entered up by fraud and collusion, in order to defraud the complainant of his debt, and that no part of said money was due and owing from Clevenger to Wilkinson. That Clevenger possessed but a small

---

*Angell* v. *Draper,* 1 *Vernon,* 399 ; *Shirley* v. *Watts,* 3 *Atkyns,* 200 ; *Bennet* v. *Musgrove,* 2 *Vesey, sen.* 51 ; 1 *P. W.* 445. See *Dugdale* v. *Sherer,* post.

Chancery has power to assist a judgment creditor to reach the property of his debtor ; but in order to entitle the creditor to relief in equity, so far as affects the personal property of the debtor, he must have sued out execution at law, and acquired a lien on the goods and chattels, at the time of filing his bill, or at least before issue joined in this court. *Brinkerhoff* v. *Brown,* 4 *J. C. R.* 671, 678 ; *Williams* v. *Brown,* 4 *Ibid,* 682 ; *M'Dermutt* v. *Strong,* 4 *Ibid,* 687.

The same principle prevails at law. *Wintringham* v. *Wintringham,* 20 *J. R.* 296 ; *Melville* v. *Brown,* 1 *Harrison,* 364.

amount of personal property, not sufficient to satisfy the executions against him; and that, after the levy under Wilkinson's execution, with his knowledge and assent, Clevenger disposed at private sale of a considerable amount of his personal property. The bill prays, that Wilkinson's judgment may be set aside as fraudulent, and that an injunction may issue to restrain Clevenger from committing waste on the mortgaged premises; to restrain Wilkinson and Clevenger from selling any of the personal property levied on by virtue of the aforesaid executions; and also to restrain the sheriff from selling any of said property under Wilkinson's execution, or from proceeding thereon until the further order of the court. Clevenger, Israel Wilkinson, Alexander Adams, and the sheriff of Middlesex, are made parties defendants to the bill. An injunction was issued upon filing the bill, restraining waste upon the mortgaged premises.

At January term, 1835, a decree, *pro confesso*, was taken against all the defendants, and the complainant was ordered to produce evidence to substantiate and prove the allegations in his bill. Under this order, depositions on the part of the complainant were taken and filed. The cause came on for hearing at April term, 1835, in the presence of the counsel of the complainant, before chancellor Vroom. At July term, 1835, the chancellor, by his order, directed that the complainant be at liberty to file a supplemental bill, " for the purpose of incorporating in the record of the case important facts that have transpired since the commencement of the suit, viz: that the complainant has obtained a judgment and sued out execution in the action at law mentioned in the original bill."

On the 25th of September, 1835, the complainant filed a supplemental bill, setting out, in addition to the facts stated in his original bill, that in the term of December, 1834, he recovered judgment in the Middlesex pleas against Samuel Clevenger, in his suit mentioned in the original bill, for two thousand three hundred and one dollars, damages, besides costs of suit, and that execution issued thereupon to the sheriff of the county of Middlesex, who, by virtue of the said execution, levied upon all the

personal property of Clevenger, which had been previously levied upon by virtue of the execution in favor of Israel Wilkinson, and subject to said levy.

An answer was filed by Clevenger and Wilkinson, setting forth the consideration of the bond given by Clevenger to Wilkinson, denying the fraud charged in the bill, and insisting upon Wilkinson's rights under his judgment.  The bill was taken as confessed against the other defendants.

The cause came on for final hearing upon the bill, answer, replication and proofs.

*F. B. Chetwood,* for complainant.

*Lupp,* for defendants.

THE CHANCELLOR.  The principal object in this cause is to set aside as fraudulent, a judgment entered by confession in the court of common pleas of the county of Middlesex, on the 5th of September, 1834, against Samuel Clevenger, in favor of Israel Wilkinson, for four hundred and seventy-four dollars and eighty-six cents.  The complainant has a judgment of a later date against the same defendant for a large sum, on which he has taken out execution and levied on the same property covered by the execution issued on the judgment in favor of Wilkinson. He therefore stands in a position to question the validity of the antecedent judgment, and his complaints must be heard and decided.  The charge in the bill is, that Clevenger confessed this judgment to Wilkinson, his brother-in-law, without consideration, to defraud the complainant out of his debt, and to prevent his recovering his money on his execution.

The defendants, Wilkinson and Clevenger, have put in a joint answer.  They deny the fraud, and say that Clevenger was justly indebted to Wilkinson at the date of the judgment, to the amount for which it is entered up.  That he was embarrassed in his circumstances, and it was seen his property must all be swept away ; and that Wilkinson, with the view of saving his

[Edgar v. Clevenger et al.]

debt, and gaining priority over other creditors, obtained this judgment. They state the consideration to have been as follows :— In the year 1823, Wilkinson sold to Clevenger a number of cattle, and various farming utensils, for which he gave him three promissory notes. One of these notes Wilkinson parted with, and retained the other two until the 2d of February, 1829, on which day the amount of principal and interest then due on said two notes was found to be two hundred and two dollars and fifty-five cents, and Clevenger gave him a bond for that sum. That Clevenger was indebted to one Thomas Marsh, and was prosecuted for it, and in May, 1833, the suit was settled and the money paid by Wilkinson, and to secure him Clevenger gave him his note for one hundred and ninety dollars, that being the amount he paid for him. They both swear that at the date of the judgment the amount of the aforesaid bond and note remained unpaid, and that the same constituted the consideration for which it was given.

There is nothing in this statement extraordinary, or that could lead to any suspicion as to its truth ; and if true, the consideration of the judgment is fully made out. It must be borne in mind that this part of the answer is responsive to the bill. It is charged, that the judgment is fraudulent and without consideration. The defendants were called upon not merely to negative this charge, but to state what the consideration was. But the defendants have not rested their case upon the answer alone. By the evidence of Moses Martin, they have proved the selling of the cattle and the giving of the bond. This witness says he drew the bond, and it was for the amount then due from Clevenger to Wilkinson. The same witness also proves the settlement by Wilkinson for Clevenger, of the suit against him by Thomas Marsh, and identifies the note as the one given for the amount so advanced by Wilkinson. Judge Nevius also testifies to the settlement of the Marsh suit by Wilkinson. The body of the note he thinks is in the hand-writing of Mr. Chetwood, who was the attorney of Marsh.

In opposition to all this, the complainant has offered a single

witness, Alexander Adams. He states that Wilkinson, the day after his judgment was confessed, said, that it was done to keep, or cheat, the complainant out of his money. And, after using a very harsh and unbecoming expression respecting the complainant, said, since he had sued Samuel they had fixed a judgment, and if he had not sued him the judgment would not have been confessed. Wilkinson is further proved to be a man of no property.

With a judgment sustained as to consideration as this is, the evidence is entirely insufficient to overcome it. I do not doubt that Mr. Adams has related truly the conversation he heard; but it is evident that Wilkinson was in a passion, and was boasting of the precedence he had gained over the complainant. The right of one creditor to gain a preference for his own debt by judgment over every other, is lawful, and sanctioned by continual practice. Upon this part of the case, the complainant has failed to establish the charges made in the bill, and Wilkinson must be allowed to proceed unmolested with his execution.

If this was all the case, the bill should be dismissed with costs; but there are other matters, though not so material, on which the complainant is entitled to relief. As against Clevenger, he is entitled to have his injunction from the commission of waste on the mortgaged premises continued. He is also entitled to have the injunction of this court to restrain Clevenger and Wilkinson from selling or removing any of the personal property, unless by sale under his execution, until the complainant's debt is satisfied. The conduct of both Wilkinson and Clevenger was in this respect improper and illegal. They had no right to avail themselves of their situation to have any part of the defendant's property sold at private sale, under the idea that they would afterwards apply it to satisfy the execution. The complainant had also an execution, and had a right to what remained of the defendant's property after satisfying the first execution, to pay off his own. This was done, as the defendant Wilkinson admits, by his consent; though he says that he thought it lawful. How

far Wilkinson's execution has been paid, is a proper matter for enquiry in the common pleas of Middlesex.

The decree will be signed in conformity with these views, and under all the circumstances I shall not give costs to either party.

Decree accordingly.